IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STANLEY J. MCKEE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:06-CV-879 BH |
| v. § | |
| § | |
| TEXAS STAR SALON, LLC, AND § | |
| CHRISTOPHER J. MERLO, § | |
| § | |
| Defendants. § | Consent Case |

**Memorandum Opinion and Order**

Pursuant to the District Court's *Order of Transfer*, filed July 28, 2006, and the consent of the parties, this matter was transferred to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are the following pleadings:

(1) *Motion for Partial Summary-Judgment and Motion to Dismiss for Lack of Jurisdiction by Defendants Texas Star Salon, LLC and Christopher J. Merlo* ("Def. Mot."), filed May 31, 2007;

(2) Defendants' *Brief in Support; Motion for Partial Summary-Judgment and Motion to Dismiss for Lack of Jurisdiction* ("Def. Br."), filed May 31, 2007;

(3) Plaintiff's *Response to Defendants' Motion for Partial Summary Judgment* ("Pl. Resp. Br."), filed June 21, 2007; and

(4) Defendants' *Reply to Plaintiff's Response to Defendants' Partial-Summary Judgment Motion and Motion to Dismiss for Lack of Jurisdiction* ("Def. Reply"), filed July 5, 2007.

After consideration of the pleadings and applicable law, Defendants' motion for partial summary judgment and motion to dismiss are **GRANTED**.

# I. BACKGROUND

On or about May 4, 2005, Plaintiff Stanley Jay McKee ("Plaintiff") applied for a position, and was hired by Defendant Texas Star Salon, as a hair stylist at the rate of $15 per hour. (Def. Appx. 15-17, 22, 489.) Effective June 5, 2004, Plaintiff became the manager of the defendant salon. (*Id.* at 61, 489.) When he became the manager, Plaintiff became its highest ranking employee, and his compensation changed from an hourly employee with no benefits to a salaried employee making in excess of $455 per week with benefits. (*Id.* at 21-60, 489.) The defendant salon also paid Plaintiff his management salary retroactively for the time prior to June 5, 2004. (*Id.* at 19-23.) Plaintiff's managerial duties included hiring, training, managing, scheduling, supervising, disciplining, and terminating employees (the average number of which was five); responding to client comments and complaints; maintaining salon inventory and supplies; creating, maintaining and submitting paperwork and records, including payroll; and overseeing bank deposits and daily close out of the register. (*Id.* at 62-89, 136-427, 489-90.) During the time he was manager, Plaintiff reported no overtime hours for himself. (*Id.* at 22-60.)

In the years 2004 and 2005, the defendant salon's revenues were less than $500,000. (Def. Appx. 6-9.)

Plaintiff contends that he worked at the defendant salon until August 11, 2005. (Comp. ¶ 1.) On August 15, 2005, Plaintiff filed suit in state court asserting, in part, wrongful conversion of his property at the salon. (Def. Appx. 475-76.) At the agreement of the parties, Plaintiff's wife retrieved some of items at issue from the defendants on September 29, 2005, and at a later date. (*Id.* at 465-66, 482-88.) Plaintiff later filed a motion to nonsuit the state action without prejudice, which was granted on October 31, 2005.

On December 12, 2005, Plaintiff filed suit against the defendant salon and its registered agent

in the United States District Court for the Eastern District of Texas, alleging that they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because they misclassified him as an exempt employee and failed to pay him for the approximately 10-20 hours of overtime he worked each week. (Comp. ¶¶ 1, 3, 13-14.) Plaintiff also alleged that the defendants wrongfully converted his personal property when they refused to return more than 50 items belonging to him after his termination. (*Id.* ¶ 14.) The suit was transferred to the Northern District of Texas on May 11, 2006.

On May 31, 2007, Defendants filed their motion for partial summary judgment on the FLSA claim, to dismiss the state law conversion claim, and in the alternative, for summary judgment on the conversion claim. Plaintiff filed a response to Defendants' motions, and the issues are now ripe for decision.

## II. STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

*Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 248.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III. ANALYSIS

**A.     FLSA**

Defendants move for summary judgment on Plaintiff's FLSA claim because the FLSA does not apply to Texas Star Salon based on its annual gross income; Plaintiff was overpaid for any work he did while a non-exempt employee; Plaintiff was exempt as a manager; and Plaintiff has no evidence of any alleged overtime because he did not report overtime hours for himself. (Def. Mot. at 1; Def. Br. at 2-7.) In support of their motion, the defendants rely on 29 U.S.C. § 203(s)(1)(A)(ii) (defendant's annual gross volume of sales must exceed $500,000 for the FLSA to apply), and *Mims v. Starbucks Corp.*, 2007 WL 10369, at * 4 (S.D. Tex. 2007)(applying four-factor test to determine whether

*Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 248.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III.   ANALYSIS

**A.     FLSA**

Defendants move for summary judgment on Plaintiff's FLSA claim because the FLSA does not apply to Texas Star Salon based on its annual gross income; Plaintiff was overpaid for any work he did while a non-exempt employee; Plaintiff was exempt as a manager; and Plaintiff has no evidence of any alleged overtime because he did not report overtime hours for himself. (Def. Mot. at 1; Def. Br. at 2-7.) In support of their motion, the defendants rely on 29 U.S.C. § 203(s)(1)(A)(ii) (defendant's annual gross volume of sales must exceed $500,000 for the FLSA to apply), and *Mims v. Starbucks Corp.*, 2007 WL 10369, at * 4 (S.D. Tex. 2007)(applying four-factor test to determine whether

*Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 248.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III.   ANALYSIS

**A.     FLSA**

Defendants move for summary judgment on Plaintiff's FLSA claim because the FLSA does not apply to Texas Star Salon based on its annual gross income; Plaintiff was overpaid for any work he did while a non-exempt employee; Plaintiff was exempt as a manager; and Plaintiff has no evidence of any alleged overtime because he did not report overtime hours for himself. (Def. Mot. at 1; Def. Br. at 2-7.) In support of their motion, the defendants rely on 29 U.S.C. § 203(s)(1)(A)(ii) (defendant's annual gross volume of sales must exceed $500,000 for the FLSA to apply), and *Mims v. Starbucks Corp.*, 2007 WL 10369, at * 4 (S.D. Tex. 2007)(applying four-factor test to determine whether

individual falls within executive exemption: (1) not paid less than $455 per week; (2) management is primary duty; (3) regularly supervises two or more employees; and (4) has the authority to hire or fire other employees). Defendants have thus informed the court of the basis of their motion for summary judgment on this issue and have identified the portions of the record which they contend reveal there are no genuine material fact issues on Plaintiff's FLSA claim. *See Celotex Corp.*, 477 U.S. at 323.

In his response, Plaintiff states that upon analysis of "Defendants' Motion, together with current case law," he "concedes the issue that [he] does not have a viable overtime claim and without this claim this court does not have the requisite jurisdiction to hear this matter and the case should be dismissed." (Pl. Resp. Br. at 1.) Given this concession, the Court finds that no genuine issue of material fact exists on the issues of whether the FLSA applies to the defendant salon, whether Plaintiff was overpaid for any work he did while a non-exempt employee, whether Plaintiff was exempt as a manager, and whether Plaintiff can show he worked any overtime because he did not report overtime hours for himself. Accordingly, the defendants' motion for summary judgment on the FLSA claim is granted.

**B.      Wrongful Conversion**

Defendants contend that because Plaintiff's FLSA claims formed the sole basis for federal jurisdiction, his state-law conversion claim is subject to dismissal for lack of subject matter jurisdiction. (Def. Mot. at 1; Def. Br. at 7-8.) In the alternative, Defendants move for summary judgment on the claim, asserting that all items were returned to Plaintiff; he has no evidence to support each of the elements required for a claim of conversion; and he only asserted the claim against one of the defendants. (Def. Mot. at 2; Def. Br. at 8-9.)

"District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, districts courts

have original jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." *Id.* § 1332(a)(1). Plaintiff's assertion of a wrongful conversion claim raises no question of federal law. *See Gaumond v. City of Melissa, TX*, 227 F. Supp. 2d 627, 632-33 (E.D. 2002) (noting that conversion claim was a state law claim); *McDonald v. Asvestas*, No. 3:97-CV-0120-G, 1997 WL 74711, at *1 (N.D. Tex. Feb. 12, 1997) (concluding that plaintiff's conversion claim was not grounded in federal law). Because all parties are citizens of Texas, (Compl. ¶ 2-4), complete diversity does not exist. Thus, the Court has no original jurisdiction over Plaintiff's conversion claim.

Pursuant to 28 U.S.C. § 1367, federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Federal courts "obtain[] power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *Charter Escrow Co., Inc. v. Threlkeld & Co. Ins. Agency*, 2002 WL 32332547, *3 (N.D. Tex. Nov. 7, 2002) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). *See also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

In this case, it is not entirely clear whether the state and federal claims form part of the same case or controversy or derive from one common nucleus of operative fact as required for supplemental jurisdiction. Plaintiff's overtime claims arise from his employment with the defendant salon. On the other hand, his conversion claims arose after his employment by the defendant salon ended. Thus, requiring Plaintiff to litigate his conversion claim in state court would not necessarily require consideration by two distinct courts of the same operative facts, although there might be some preliminary background overlap concerning the fact of his employment. Nor would it necessitate

consideration of the same legal issues.

Even if the Court were to find that it has supplemental jurisdiction over the conversion claim, however, district courts may decline to exercise supplemental jurisdiction where

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In determining whether to retain jurisdiction over the state law claims, the court considers the provisions of § 1367(c) as well as issues of judicial economy, convenience, fairness, and comity. *Jones v. Adam's Mark Hotel*, 840 F.Supp. 66, 69 (S.D. Tex. 1993).

When, as in this case, all federal claims are eliminated from a case prior to trial, the general rule is for the federal court to decline to exercise jurisdiction over pendent state law claims. *Thomas v. Redford*, 2002 WL 484651, *7 (N.D. Tex., Mar. 26, 2002) (Fitzwater, J.) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998). However, the rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (1999)). District courts are given "wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (citing 28 U.S.C. § 1367 (c)(3)).

Plaintiff's response does not address the defendants' jurisdictional argument. Because the Court has granted summary judgment on Plaintiff's federal claims, his remaining conversion claim substantially predominates over the FLSA claim of which the district court had original jurisdiction. Plaintiff has identified no exceptional circumstances or compelling reasons for declining jurisdiction

over the conversion claim. In fact, Plaintiff originally asserted his conversion claim in a separate state court action filed August 15, 2005, although he later filed a motion to nonsuit without prejudice after his wife retrieved some of the items at issue from the defendants on September 29, 2005 and a later date. (Def. Appx. 465-66, 474-76, 482-88.) Nor has Plaintiff shown how the factors of judicial economy, convenience, fairness or comity weigh in favor of retention of jurisdiction.

Accordingly, to the extent that it has supplemental jurisdiction over Plaintiff's conversion claim, the Court declines to exercise such jurisdiction, and Defendants' motion to dismiss this claim is granted.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment is hereby **GRANTED**, and Plaintiff's FLSA claim is dismissed with prejudice. Defendants' Motion to Dismiss is hereby **GRANTED**, and Plaintiff's state-law conversion claim is dismissed without prejudice.

**SO ORDERED** this 21st day of August, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE